IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-107-RJC-DCK

| | |
|---|---|
| MISTY SHATLEY, TIFFANY SHATLEY, and DELLA SHATLEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| TERRY BUCHANAN, JOSHUA HOPKINS, JAMES WILLIAMS, CHRISTOPHER ROTEN, and EMPLOYERS MUTUAL CASUALTY COMPANY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss By Defendant Terry Buchanan, In His Official Capacity As Sheriff Of Ashe County" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

### I. BACKGROUND

Della Shatley, Misty Shatley, and Tiffany Shatley, as Co-Administrators of the Estate of Dallas Arthur Shatley (together "Plaintiffs"), initiated this action with the filing of a Complaint in the Superior Court of Ashe County, North Carolina. (Document No. 1-1). Plaintiffs bring this action and seek damages and other relief pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment, North Carolina's wrongful death statute, and other statutory and common law "for the negligent, grossly negligent, reckless, malicious, unconstitutional, willful and wanton conduct

that resulted in Dallas Shatley's death, as alleged herein." (Document No. 1-1, p.20). Dallas Shatley died on July 8, 2015, after being shot multiple times by Defendants Hopkins and Roten.

The Complaint names Terry Buchanan ("Buchanan"), in his official capacity as Sheriff of Ashe County; James Williams ("Williams"), in his official capacity as Sheriff of Ashe County; Joshua Hopkins ("Hopkins"), individually and in his official capacity as a Deputy Sheriff of Ashe County; Christopher Roten ("Roten"), individually and in his official capacity as a Deputy Sheriff of Ashe County; and Employers Mutual Casualty Company ("Employers Mutual") (all together "Defendants"). (Document No. 1-1). Regarding Defendants Buchanan and Williams, the Complaint asserts that:

> 5. Defendant Terry Buchanan ("Sheriff Buchanan") is a resident of Ashe County, North Carolina; and is the appointed Sheriff of Ashe County pursuant to Article VII, § 2 of the North Carolina Constitution and N.C. Gen. Stat. § 162-1. Sheriff Buchanan is sued *in his official capacity as Sheriff of Ashe County*. At the time of the events described herein, the Sheriff of Ashe County was James Williams, who retired in December of 2016. Sheriff Buchanan took office in January of 2017. Thus, all claims herein against Sheriff Buchanan, in his official capacity as Sheriff of Ashe County, are to be construed as claims against the office of the Sheriff of Ashe County, and not as allegations of any specific wrongdoing by Sheriff Buchanan.
>
> 6. Defendant James Williams ("Sheriff Williams") is a resident of Ashe County, North Carolina; and was the elected Sheriff of Ashe County pursuant to Article VII, § 2 of the North Carolina Constitution and N.C. Gen. Stat. § 162-1. Sheriff Williams is sued *in his official capacity as Sheriff of Ashe County*. At the time of the events described herein, Sheriff Williams was the Sheriff of Ashe County; however, in December of 2016, Sheriff Williams retired. Thus, all claims herein against Sheriff Williams, in his official capacity as Sheriff of Ashe County, are to be construed as claims against the office of the Sheriff of Ashe County.

(Document No. 1-1, pp.16-17).

Defendants Williams, Hopkins, and Roten filed a "Notice Of Removal" (Document No. 1) with this Court on June 22, 2017.  A "Motion To Dismiss By Defendant Terry Buchanan, In His Official Capacity As Sheriff Of Ashe County" (Document No. 10) was filed on July 14, 2017.  Defendant Buchanan seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1).  (Document No. 10). Sheriff Buchanan contends that the claims against him "are completely redundant to the official capacity claims set forth against Sheriff James Williams, who was Sheriff of Ashe County at all times relevant to this action."  (Document No. 10, pp.1-2).

"Defendant Employers Mutual Casualty Company's Motion To Dismiss And Answer To Plaintiff's Complaint" was filed on July 17, 2017;  and the "Answer Of Defendants James Williams, Joshua Hopkins, And Christopher Roten" was filed on July 18, 2017.  See (Document Nos. 12 and 14).).

This matter was referred to the undersigned Magistrate Judge on January 31, 2018.  The pending motion to dismiss has been fully briefed, and therefore, a review and a recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.  See (Document Nos. 10, 11, 17 and 18).

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

As noted above, the crux of Sheriff Buchanan's motion to dismiss is that the claims against him "are completely redundant to the official capacity claims set forth against Sheriff James Williams, who was Sheriff of Ashe County at all times relevant to this action." (Document No. 10, pp.1-2); see also (Document No. 11). Defendant describes the relevant authority as follows:

> Official capacity suits represent another way of pleading an action against an entity of which an officer is an agent. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 55, 98 S. Ct. 2018,

> 2035 (1978). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). It is not a suit against the official personally. *Id*. Instead, the real party in interest is the entity that is being named as a defendant. *Id*. A plaintiff seeking to recover damages in an official-capacity suit must only look to the government entity itself. *Id*.

(Document No. 11, p.3).

Defendant Buchanan asserts that "Plaintiff's official capacity suit must be treated as a suit against the office of the Sheriff of Ashe County." (Document No. 11, p.4). Defendant Buchanan further asserts that since Williams was the Sheriff at the time of the underlying shooting, "he is the only proper party to be named for Plaintiff's official capacity claims." Id.

In response, Plaintiffs contend they have "filed a well-pled complaint against Sheriff Buchanan," and that since there has been no discovery in this case, his motion to dismiss is premature. (Document No. 17, pp.4-5). Plaintiffs go on to argue that their claims against Buchanan are not redundant, but even if they were, that does not *invalidate* those claims. (Document No. 17, p.5) (citations omitted).

Plaintiffs further argue that Sheriff Buchanan is a proper party because he is the current Sheriff of Ashe County. (Document No. 17, p.6). Plaintiffs note that if this case had been filed while Sheriff Williams was in office, Sheriff Buchanan would have been *automatically* substituted as a party upon Sheriff Williams' resignation pursuant to Fed.R.Civ.P. 25. Id.

> [a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

5

Id. (quoting Fed.R.Civ.P. 25(d)).

After careful consideration of the parties' arguments and cited authority, the undersigned will recommend that the motion to dismiss be denied without prejudice. There appears to be no dispute that the office of the Sheriff of Ashe County is an appropriate Defendant in this case. The only issue is whether the individual named in his official capacity as Sheriff of Ashe County should be the Sheriff at the time of Mr. Shatley's death, or the current Sheriff.

The undersigned is persuaded that the parties will suffer little, if any, prejudice if this matter moves forward with the currently named Defendants. In fact, it appears that this case has been unnecessarily delayed during the pendency of this motion to dismiss which only impacts which Sheriff's name is attached to the lawsuit. As such, and in the interest of judicial economy and efficient case management, the undersigned recommends that the motion to dismiss be denied and the parties immediately hold an Initial Attorney's Conference and proceed to discovery.

The undersigned recommends that denial of the motion be without prejudice to Defendant(s) renewing this request or a request for similar relief at a later date, or Plaintiffs amending the Complaint, after further discussions and some discovery.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss By Defendant Terry Buchanan, In His Official Capacity As Sheriff Of Ashe County" (Document No. 10) be **DENIED WITHOUT PREJUDICE**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 23, 2018

David C. Keesler
United States Magistrate Judge